

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

October 3, 2000

The Honorable Homero Ramirez
Webb County Attorney
1110 Victoria, Suite 403
Laredo, Texas 78040

Opinion No. JC-0287

Re: Which county is responsible for mental health services proceeding costs under section 571.018 of the Texas Health and Safety Code and related question (RQ-0227-JC)

Dear Mr. Ramirez:

You ask about the collection of mental health services proceeding costs under section 571.018 of the Health and Safety Code. We understand you to ask which county is responsible for mental health services proceeding costs under section 571.018, and the costs for which it is responsible. Because you do not ask about a particular situation, we answer your questions in general terms. The county that initiates emergency detention procedures or, if no such procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services is generally responsible for paying mental health services proceeding costs under section 571.018. A nonresponsible county conducting mental health services proceedings is authorized to collect the cost of those proceedings from the responsible county. A county's responsibility for paying mental health services proceeding costs is not limited to actions that are "derivative" of the initial commitment proceeding. The costs of mental health services proceedings payable by the responsible county include, but are not limited to, those enumerated in section 571.018(c).

You inform us of the following facts giving rise to your request: San Antonio State Hospital (SASH) in Bexar County serves as the regional hospital providing inpatient care for various Texas counties, including Webb County. Bexar County, using its resources, conducts hearings for mental health services for patients committed to SASH by Webb County or patients admitted to SASH from Webb County under the emergency detention procedures as set out in subchapters A or B of chapter 573 of the Health and Safety Code. Examples of such proceedings include petitions for an order to administer psychoactive medication, applications for a temporary mental health services order, and applications for extended mental health services. Bexar County sends Webb County bills of costs for these proceedings. Webb County has not entered into any local intergovernmental agreement with Bexar County agreeing to be responsible for these mental health services proceeding costs.[1]

---

[1]Letter from Honorable Homero Ramirez, Webb County Attorney, to Honorable John Cornyn, Texas Attorney General at 2 (Apr. 28, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

We understand you to ask, first, which county is responsible for mental health services proceeding costs under section 571.018 and, second, what are the costs for which it is responsible. *See* Request Letter, *supra* note 1, at 2-3; Webb Brief at 2-5[2]; Telephone Conversation with Honorable Homero Ramirez, Webb County Attorney (Aug. 31, 2000).

The Texas Mental Health Code, codified as subtitle C of title 7, Health and Safety Code, provides for access to care and treatment for mentally ill persons. *See* TEX. HEALTH & SAFETY CODE ANN. chs. 571 - 577 (Vernon 1992 & Supp. 2000). Chapter 574 of the Health and Safety Code governs proceedings for court-ordered mental health services. A county or district attorney or other adult may file an application for court-ordered mental health services for an individual. *See id.* § 574.001 (Vernon Supp. 2000). The application must be filed with the county clerk in the county in which the proposed patient resides, is found, or is receiving mental health services by court order or pursuant to apprehension by a police officer under subchapter A of chapter 573 of the Health and Safety Code. *See id.* § 574.001(b).

Section 571.018 of the Health and Safety Code deals with the mental health services proceeding costs, and subsection (a) of that section provides that they shall be paid by:

> (1)    the county that initiates emergency detention procedures under Subchapter A or B, Chapter 573 [for temporary detention of a person believed to be mentally ill, where there is a substantial risk of serious harm to the person or others]; or

> (2)    if no emergency detention procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services.

*Id.* § 571.018(a)(1), (2). The county responsible for the mental health services proceeding costs under subsection (a) is responsible for paying the costs of all subsequent hearings or proceedings for that person until he or she is discharged. *Id.* § 571.018(b). A proposed patient's county of residence, however, must pay certain court-approved expenses for an indigent patient if ordered by the court under section 574.010. *Id.* §§ 571.018(f) (Vernon Supp. 2000), 574.010 (Vernon 1992). A county is entitled to reimbursement for costs actually paid by the county from the patient or "a person or estate liable for the patient's support in a department[al] mental health facility." *Id.* § 571.018(d) (Vernon Supp. 2000).

With this background, we turn to your first question regarding the county responsible for mental health services proceeding costs under section 571.018. The county that initiates emergency detention procedures or, if no such procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order

---

[2]Brief from Honorable Homero Ramirez, Webb County Attorney, to Honorable John Cornyn, Texas Attorney General (Apr. 28, 2000) (on file with Opinion Committee) [hereinafter Webb Brief].

for temporary mental health services is generally responsible for paying for the costs of a mental health services proceeding. *See id.* § 571.018(a), (b). *Responsibility under section 571.018(a) is not based on residency. See id.* The responsible county may be, but is not necessarily, the proposed patient's county of residence. *See id.; id.* § 574.001(b) (application for court-ordered mental health services must be filed in the county in which person resides, is found, or is receiving mental health services by court order or pursuant to apprehension by police officer). If ordered by a court, however, the county of the proposed patient's residence is responsible for court-approved expenses incurred for psychiatric evaluation and expert testimony for an indigent person. *See id.* §§ 571.018(f) (Vernon Supp. 2000), 574.010 (Vernon 1992).

Which county is the responsible county will vary in each case and will depend upon how the case was initiated. Webb County would generally be the responsible county for mental health services proceeding costs if it initiated the emergency detention proceedings, accepted a court-ordered mental health services application, or issued an order for protective custody or temporary mental health services. Because responsibility for the mental health services proceedings will vary with the facts of each case, we cannot advise you, as a matter of law, whether Bexar County or Webb County is responsible for the costs of mental health services proceedings or hearings conducted in Bexar County.

Relying on Attorney General Opinion JC-0088 (1999), you appear to suggest that a county is responsible under section 571.018 only for "derivative proceedings" to the commitment proceedings initiated by or conducted in that county. Webb Brief, *supra* note 2, at 2-5. We disagree.

Section 571.018 does not allocate responsibility based on the "derivative" or "original" nature of the mental health services hearings or proceedings. Again, under section 571.018, the county that initiates emergency detention procedures or, if no such procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services is responsible for mental health services proceeding costs; and that county is also responsible for the costs of all subsequent mental health services proceedings under subtitle C of title 7 of the Health and Safety Code until the person who is the subject of these proceedings is discharged. TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b) (Vernon Supp. 2000). Subtitle C of title 7 comprises chapters 571 through 577 of the Health and Safety Code. If no emergency detention proceedings are initiated, the county that conducts the hearing on the application for court-ordered mental health services for a person, *see id.* §§ 574.031, .034, .035, which we assume is the "commitment hearing" to which you refer, is responsible for the costs of all subsequent proceedings under these chapters for that person. That county would be responsible, for instance, for paying the costs of a hearing on a petition to administer psychoactive medication under section 574.106 of the Health and Safety Code.

Attorney General Opinion JC-0088 is inapposite. Attorney General Opinion JC-0088 deals with whether a county clerk under the clerk's statutory authority to assess a separate filing fee only for each "original action" is permitted to charge a separate fee for a section 574.106 medication hearing. *See* Tex. Att'y Gen. Op. No. JC-0088 (1999) at 2; *see also* Tex. Att'y Gen. Op. No. DM-174 (1992) at 2 ("The fee collected by a county clerk for filing of an original action under

section 118.052 [of the Local Government Code] is intended to cover 'all clerical duties in connection with an original action filed in a county civil court.'"). The opinion concludes that a section 574.106 medication hearing is not a derivative or ancillary proceeding to the initial involuntary mental health commitment action, but a separate original action for which the county clerk is permitted to charge an additional fee. *See* Tex. Att'y Gen. Op. No. JC-0088 (1999). Attorney General Opinion JC-0088 does not speak to the mental health proceedings costs for which a county is responsible under section 571.018.

You also appear to suggest that the nonresponsible county conducting the mental health services proceedings is not authorized to collect the costs of those proceedings from the responsible county in the absence of an agreement by the responsible county to pay those costs. We disagree. First, the responsible county by definition is statutorily obligated to pay the mental health services proceeding costs. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b) (Vernon Supp. 2000). Second, a nonresponsible county conducting the mental health services proceedings is clearly authorized to bill the responsible county for those costs under section 571.018(b):

> The county responsible for the costs of a hearing or proceeding under Subsection (a) shall pay the costs of all subsequent hearings or proceedings for that person under this subtitle until the person is discharged from mental health services. *The costs shall be billed by the clerk of the court conducting the hearings.*

*Id.* § 571.018(b) (emphasis added); *see also* Tex. Att'y Gen. Op. No. JC-0222 (2000) at 3 (concluding that "section 571.018 now expressly requires the clerk of the court to bill the responsible county for the costs of the mental health services proceedings.").

You next ask about the mental health services proceeding costs which the responsible county is required to pay under section 571.018. As discussed above, the responsible county is required to pay the costs of all mental health services proceedings relating to a proposed patient that are provided for under chapters 571 through 577 of the Health and Safety Code until that person is discharged. *See* TEX. HEALTH & SAFETY CODE ANN. § 571.018(a), (b) (Vernon Supp. 2000). The costs of mental health services proceedings payable by the responsible county include, but are not limited to, those enumerated in section 571.018(c), which provides that:

Costs under this section *include*:

> (1)    attorney's fees;
>
> (2)    physician examination fees;
>
> (3)    compensation for court-appointed personnel listed under Section 571.017 [court shall order payment of reasonable compensation to attorneys, physicians, language interpreters, sign interpreters, and masters];

(4)    expenses of transportation to a mental health facility or to a federal agency not to exceed $50 if transporting within the same county and not to exceed the reasonable cost of transportation if transporting between counties;

(5)    costs and salary supplements authorized under Section 574.031(i) and (j) [for a judge who holds hearings at locations other than the county courthouse]; and

(6)    prosecutor's fees authorized under Section 574.031(k).

*Id.* § 571.018(c) (emphasis added). The Code Construction Act provides that "'includes' and 'including' are terms of enlargement and not of limitation or exclusive enumeration, and use of the terms does not create a presumption that components not expressed are excluded." TEX. GOV'T CODE ANN. § 311.005(13) (Vernon 1998); *see also id.* (these definitions apply unless statute or context requires a different definition). Accordingly, the enumerated costs in section 571.018 are not exclusive.

Additionally, a patient's county of residence, rather than the responsible county, must pay court-approved expenses incurred for psychiatric evaluation and expert testimony for an indigent patient if ordered by the court under section 574.010. TEX. HEALTH & SAFETY CODE ANN. § 571.018(f) (Vernon Supp. 2000). Section 574.010 authorizes the court to order an independent psychiatric evaluation of a proposed patient by a psychiatrist chosen by the patient; and to order the patient's county of residence to pay for court-approved expenses for expert testimony if the court determines that the proposed patient is indigent. *Id.* § 574.010 (Vernon 1992).

## S U M M A R Y

The county that initiates emergency detention procedures or, if no such procedures are initiated, the county that accepts an application for court-ordered mental health services, issues an order for protective custody, or issues an order for temporary mental health services is generally responsible for paying mental health services proceeding costs under section 571.018 of the Health and Safety Code. A nonresponsible county conducting mental health services proceedings is authorized to collect the costs of those proceedings from the responsible county regardless of whether the responsible county has agreed to pay those costs. A county's responsibility for paying mental health services proceeding costs is not limited to actions that are "derivative" of the initial commitment proceeding. The costs of mental health services proceedings payable by the responsible county include, but are not limited to, those enumerated in section 571.018(c) of the Health and Safety Code.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee